IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DETRICK HARRIS, #39949                                                                           PLAINTIFF

v.                                                                  CIVIL ACTION NO. 3:21-cv-00120-CWR-LGI

MDOC COMMISSIONER BURL CAIN and
WARDEN FRANK SHAW                                                                              DEFENDANTS

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant Burl Cain's Motion [49] for Summary Judgment Based on Failure to Exhaust Administrative Remedies and Defendant Frank Shaw's Motion [47] for Summary Judgment Based on Failure to Exhaust Administrative Remedies. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Motions [47],[49] for Summary Judgment be granted and Plaintiff's claims against Defendants be dismissed without prejudice.

### I. BACKGROUND

*Pro se* Plaintiff Detrick Harris is a convicted inmate in the custody of the Mississippi Department of Corrections ("MDOC"). He is proceeding *in forma pauperis*, subject to the Prison Litigation Reform Act ("PLRA") and brings this suit pursuant to 42 U.S.C. § 1983. *See* Compl. [19]; Order [15]. The named Defendants are Burl Cain, Commissioner of MDOC; and Frank Shaw, Warden of East Mississippi Correctional Facility ("EMCF"), located in Meridian, Mississippi. *See* Order [31] (dismissing Defendants EMCF and Governor Tate Reeves).

Plaintiff complains about the conditions of his confinement at EMCF. In an effort to discern Plaintiff's claims, the Court entered two Orders directing Plaintiff to respond by detailing his claims with specificity, in accordance with the Court's orders. *See* Orders [16], [24]. In his

Response to one of the Court's Orders for more information, Plaintiff claims that Warden Shaw placed the entire prison on lock-down on October 19, 2018, resulting in Plaintiff essentially serving 31 days of disciplinary segregation. Pl.'s Resp. [29] at 7. Plaintiff further complains that Warden Shaw failed to investigate Plaintiff's conditions-of-confinement and Commissioner Cain failed to protect him from harm. *Id*. at 5-7, 9; Pl.'s Resp. [26] at 5, 7. In his Complaint, Plaintiff seeks monetary damages in the amount of 30 million dollars. Compl. [19] at 4.

The Court also conducted a screening hearing on October 28, 2022, wherein Plaintiff provided testimony regarding his claims. *See Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985); Order [44]. Plaintiff testified that his placement in lock-down violated MDOC policy. He alleges that, while housed in lock-down, he did not receive any cleaning supplies and was denied showers. Plaintiff also stated that the conditions in lock-down were a result of Warden Shaw's failure to adequately train and supervise employees at EMCF. Plaintiff further testified that during 2021 and 2022, he sent several criminal complaints and affidavits to Commissioner Cain's office asserting various complaints about the conditions of his confinement.

On October 21, 2022, both Defendants filed Motions for Summary Judgment, arguing Plaintiff failed to properly exhaust his available administrative remedies prior to filing this lawsuit. Plaintiff did not file a response, and the time for doing so has expired.

## II. DISCUSSION

A. <u>Summary judgment standard</u>

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts and inferences are construed in the light most favorable to the non-moving party. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). The Court must also "refrain from making

credibility determinations or weighing the evidence." *Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017) (citation omitted).

B.   The PLRA's exhaustion requirement

The PLRA provides that an inmate may not sue under federal law until exhausting available administrative remedies. 42 U.S.C. § 1997e(a). Exhaustion under the PLRA is an affirmative defense, and the burden is on Defendants to demonstrate that Plaintiff failed to exhaust available administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). To meet their burden, Defendants "must establish" without doubt "all of the essential elements of the defense of exhaustion." *Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015) (citation omitted).

The PLRA dictates proper exhaustion, meaning that "prisoners must complete the administrative review process in accordance with the applicable procedural rules – rules that are defined not by the PLRA, but by the prison grievance process itself." *Butts*, 877 F.3d at 582 (quoting *Jones*, 549 U.S. at 218). The exhaustion requirement is satisfied only if the prisoner pursues the administrative remedy "to conclusion." *Wilson*, 776 F.3d at 301 (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).

C.   MDOC's Administrative Remedy Program

Initially, the Court notes that MDOC's Administrative Remedy Program ("ARP") is detailed in Chapter VIII of the Inmate Handbook, which is filed as Exhibit "D" [47-4] to Defendant Shaw's Motion [47] for Summary Judgment. The Court also takes judicial notice of the complete Inmate Handbook posted on MDOC's website. *See Huskey v. Jones*, 45 F.4th 827, 831 n.3 (5th Cir. 2022) (noting district court properly took judicial notice of MDOC's Inmate Handbook as posted on its website) (citations omitted).[1]

---

[1] https://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook, aspx.

MDOC employs a two-step ARP process through which an inmate may present grievances relating to his incarceration. *See Jackson v. Hall*, 763 F. App'x 376, 377 (5th Cir. 2019). To utilize the ARP,

> [a]n inmate must file a grievance within 30 days of the complained of incident. The grievance is reviewed by the prison's legal-claims adjudicator and, if there is an adverse response at the first step, the inmate may appeal to step two. If the inmate disagrees with the step two response, he may sue.

*Wheater v. Shaw*, 719 F. App'x 367, 369-70 (5th Cir. 2018).

D.   Plaintiff's filings with the Administrative Remedy Program

In support of their Motions for Summary Judgment, both Defendants submit affidavits from Marco Ugalde, the Acting ARP Coordinator at EMCF. [49-1] at 1; [49-2] at 1; [47-2] at 1-3. Ugalde states that Plaintiff filed two grievances through the ARP at EMCF since 2014. [47-2] at 2. Plaintiff's two grievances are detailed below.

1. EMCF 20-376

The ARP records demonstrate that on February 25, 2020, Plaintiff submitted a grievance complaining about Rule Violation Reports he received in 2015, 2016, 2018, and 2019. [49-1] at 3-6 (ARP labeled EMCF 20-376). On March 17, 2020, MDOC's statewide ARP Director, Richard Pennington, issued a first step response denying the grievance as untimely. *Id*. at 2. The next day, Plaintiff signed a receipt that he received a copy of the first step response. [47-2] at 21. The record fails to show any appeal to step two by Plaintiff. *Id*. at 2; [49-1] at 1.

2. EMCF 21-58

Plaintiff submitted his second grievance to the ARP on December 27, 2020. [47-2] at 5-7 (ARP labeled EMCF 21-58). In this grievance, Plaintiff complains about an incident in November of 2020, where Correctional Officer Crockett allegedly opened the cell doors of certain inmates

4

prior to completion of the inmate's COVID-19 quarantine, "endangering" Plaintiff. *Id*. at 6. Plaintiff requested that Crockett be "removed out of office." *Id*. at 5.

On February 1, 2021, Pennington sent Plaintiff a notice that his grievance was rejected because the relief was "[b]eyond the power of ARP to grant." *Id*. at 4. Pursuant to MDOC policy, a grievance may be rejected if the relief sought is beyond the power of MDOC to grant. [47-4] at 1; [47-3] at 3. In accord with MDOC policy, Plaintiff had five days to submit a corrected grievance. [47-4] at 2; [47-3] at 4. On February 2, 2021, Plaintiff signed a receipt that he received the rejection notice. [49-2] at 7. The record shows that Plaintiff did not submit any corrected grievance or any other grievance. *Id*. at 1.

E.   Arguments of the parties

Defendants maintain that Plaintiff failed to complete the ARP process for both of his grievances. Defendant Shaw also asserts that neither grievance mentions him by name nor gives him adequate notice of Plaintiff's claims. Defendant Cain also asserts that he did not receive adequate notice inasmuch as both grievances were filed prior to his appointment as Commissioner of MDOC on May 21, 2021. For these reasons, Defendants argue they are entitled to summary judgment for Plaintiff's failure to exhaust his administrative remedies. As stated above, Plaintiff did not file a response to the Motions for Summary Judgment, and the time for doing so has expired.

F.   Analysis

After review of Plaintiff's ARP records, it is clear that Plaintiff did not complete MDOC's ARP process for either of his grievances.[2] Plaintiff may not simply initiate the grievance process, but he must complete the process "in accordance with the applicable rules . . . as a precondition to

---

[2] The undersigned finds it unnecessary to address Defendants' notice arguments because Plaintiff clearly failed to complete the ARP procedures for both of his grievances.

bringing suit in federal court." *Woodford*, 548 U.S. at 88. Plaintiff cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Id*. at 84. Simply put, exhaustion is not complete until Plaintiff pursues the administrative remedy "to conclusion." *Wilson*, 776 F.3d at 301. Plaintiff's failure to proceed to step two for grievance EMCF 20-376 deems this grievance incomplete, and the claims presented therein are unexhausted.

Additionally, the fact that Plaintiff's grievance, identified as EMCF 21-58, was rejected because the relief sought was "beyond the power of the ARP to grant" does not absolve Plaintiff of his duty to complete the process. Even if the relief a prisoner-plaintiff seeks cannot be granted by the administrative remedy process, he must complete the process before filing suit. *Booth v. Churner*, 532 U.S. 731, 741 (2001) (finding "Congress mandated exhaustion" by passage of the PLRA "regardless of the relief offered through administrative procedures"); *Lewis v. Doe, I*, 840 F. App'x 784, 785 (5th Cir. 2021) (finding exhaustion was not excused because MDOC ARP could not award the requested relief of monetary damages to Plaintiff). Plaintiff's failure to submit a corrected grievance means the claims presented in the EMCF 21-58 grievance are unexhausted.

In conclusion, "[p]re-filing exhaustion is mandatory, and [this] case must be dismissed if available administrative remedies [are] not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012); *Ross v. Blake*, 578 U.S. 632, 639 (2016) (noting PLRA exhaustion requirement is mandatory, "foreclosing judicial discretion"). Because Plaintiff failed to exhaust his administrative remedies prior to filing this case, dismissal is required.

### III. RECOMMENDATIONS

For the foregoing reasons, the undersigned recommends that:

1. Defendant Burl Cain's Motion [49] for Summary Judgment be GRANTED;

2. Defendant Frank Shaw's Motion [47] for Summary Judgment be GRANTED;

3. This action be dismissed without prejudice; and

4. A final judgment be entered as the adoption of this Report and Recommendation will dispose of all the claims against the remaining Defendants.

## IV.  NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 9th day of December, 2022.

s/LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE
